[Civ. No. 5388.  Second Appellate District, Division One.—January 3, 1929.]

MIKE AKOPOFF, Appellant, v. JACOB MESROPIAN et al., Respondents.

Henry W. Mahan for Appellant.

Stanley Visel for Respondents.

CRAIL, J., *pro tem.*—This is an action in three counts for a money judgment. The third count is upon a promissory note. The answer denies the allegations of the complaint, and in addition sets up a separate defense that, since its execution, the note has been altered and is null and void, and also a defense "that the defendants have paid to the plaintiff the whole sum," etc. Judgment was entered in favor of the defendants and plaintiff assigns three grounds of appeal.

He first contends that the evidence does not support the findings. We have read the reporter's transcript and there is substantial evidence to sustain the findings of the trial court.

Appellant next contends that the trial court committed error in admitting, over the objection of the plaintiff, testimony that the note did not bear the figures $606 at the time it was signed and delivered. Appellant contends that the writing speaks for itself and that section 1855 of the Code of Civil Procedure, known as the best evidence rule, excludes such evidence. The above section has no application to the question involved. The true rule is expressed by section 1856 of the Code of Civil Procedure, and is called the extrinsic evidence rule. While ordinarily there can be between the parties to a written agreement no evidence of its terms other than the contents of the writing itself, yet exceptions are made by the statute where imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute.

The rule against parol evidence to vary or contradict a written instrument does not exclude evidence to show that an alteration of a writing has been made, and where it is claimed that an instrument in evidence fails to express the true contract of the parties by reason of alterations therein, extrinsic evidence thereof is admissible. (22 C. J., p. 1147, and cases cited under notes 83 and 85.)

Appellant's last contention is that the trial court erred in admitting Defendants' Exhibit "A," which was an agreement in writing dissolving the partnership between the parties and acknowledging settlement and payment of all accounts between them. Plaintiff complains that the exhibit was not pleaded in the answer. However, payment was

pleaded, and we know of no rule which would support the plaintiff's contention. Plaintiff refers us to none.

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.